IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK L. HUDDLESTON, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS CENTRAL RAILROAD )<br>COMPANY, a corporation, )<br>)<br>Defendant. ) | Cause No.: 09-594-JPG |

## COMPLAINT

### COUNT I
### LOCOMOTIVE INSPECTION ACT
### D/O/A: 08/28/08

COMES NOW the Plaintiff, JACK L. HUDDLESTON, JR., by and through his attorneys, Kujawski & Associates, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and the Locomotive Boiler Inspection Act, 49 U.S.C. Section 20701 as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is an Illinois corporation with it's principal place of business in Homewood, Illinois,, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail, including the States of Illinois and Kentucky.

1

3. That on or about August 28, 2008 or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, JACK L. HUDDLESTON, JR., was an employee of the Defendant, Illinois Central Railroad Company, a corporation, and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant as a locomotive engineer and as such, performed his duties in the State of Illinois and in Southern Illinois.

6. That on or about August 28, 2008 or on a date known more certainly to the Defendant, the Plaintiff was injured while operating a locomotive in Rantoul, Illinois when his locomotive cab seat fell apart and malfunctioned.

7. That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, violated the Locomotive Inspection Act in that Defendant failed to provide the Plaintiff with a locomotive and it's appurtenances which were in proper condition and safe to operate in the service to which it was put, by committing one or more of the following acts or omissions in violation of the Act, to with:

    (a) Allowed to be used on its railroad line, a bad-ordered locomotive;

    (b) Required Plaintiff to operate a bad-ordered locomotive;

    (c) Allowed to be used on its railroad line, a locomotive with a defective locomotive seat;

    (d)    Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats; and

    (e)    Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

8.    That as a result, in whole or in part, of one or more of the above and foregoing violations of the Locomotive Inspection Act, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when his locomotive cab seat fell apart and malfunctioned, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; an aggravation of a pre existing condition; that he has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, JACK L. HUDDLESTON, JR., prays judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and

reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

<u>**COUNT II**<br/>**FELA - NEGLIGENCE**<br/>**D/O/A:  08/28/08**</u>

COMES NOW the Plaintiff, JACK L. HUDDLESTON, JR., by and through his attorneys, Kujawski & Associates, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1.   That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 <u>et. seq.</u>, as hereinafter more fully shown.

2.   That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is an Illinois corporation with it's principal place of business in Homewood, Illinois,, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail, including the States of Illinois and Kentucky.

3.   That on or about August 28, 2008 or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, JACK L. HUDDLESTON, JR., was an employee of the Defendant, Illinois Central Railroad Company, a corporation, and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant as a locomotive engineer and as such, performed his duties in the State of Illinois and in Southern Illinois.

6. That on or about August 28, 2008 or on a date known more certainly to the Defendant, the Plaintiff was injured while operating a locomotive in Rantoul, Illinois when his locomotive cab seat fell apart and malfunctioned.

7. That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Allowed to be used on its railroad line, a bad-ordered locomotive;

    (c) Required Plaintiff to operate a bad-ordered locomotive;

    (d) Allowed to be used on its railroad line, a locomotive with a defective cab seat;

    (e) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats; and

    (f) Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

8. That as a result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when his locomotive cab seat fell apart and malfunctioned causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; an aggravation of a pre existing condition; that he has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, JACK L. HUDDLESTON, JR., prays judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT III
## FELA - NEGLIGENCE
## REPETITIVE TRAUMA

COMES NOW the Plaintiff, JACK L. HUDDLESTON, JR., by and through his attorneys, Kujawski & Associates, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 et. seq., as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is an Illinois corporation with it's principal place of business in Homewood, Illinois,, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail, including the States of Illinois and Kentucky.

3. That for many years prior to the filing of this suit JACK L. HUDDLESTON, JR. was an employee of the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, and was employed throughout the State of Illinois including Southern Illinois.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That at all times relevant herein, the Plaintiff was employed by the Defendant as a locomotive engineer.

6. That during Plaintiff's employment with the Defendant, and while working on Defendant's transportation system in the States of Illinois and Kentucky, Plaintiff was routinely exposed to repetitive movements, vibrating engine seats, vibrating locomotives, jolts, and slack action on a repetitive and continuing basis that resulted in his exposure to repetitive and cumulative trauma to his low back, neck and spine.

7. That at all times relevant herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its duly authorized agents, servants, and employees, committed one or more of the following negligent acts or omissions to with:

    (a) Failed to provide Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with proper supervision and instruction;

    (c) Failed to warn Plaintiff of the dangers and hazards of being exposed to repetitive trauma and repetitive vibration while operating a locomotive engine;

    (d) Assigned Plaintiff to do physical tasks beyond his physical capacity;

    (e) Assigned Plaintiff to work upon locomotive engine seats that vibrated and transmitted shocks and forces to his spine;

    (f) Exposed Plaintiff to repeated slack action in the operation of locomotive engines;

    (g) Failed to upgrade and repair its locomotive seats when Defendant's equipment passed through its inspection points, including those located in Southern Illinois;

    (h) Failed to inspect and maintain its locomotive seats to reduce the transmission of shock and trauma to Plaintiff's body;

    (i) Provided locomotives with suspension systems which failed to absorb shocks, vibrations, and jolts;

  (j) Failed to maintain its track and roadway in a manner to reduce and/or eliminate shocks and jolts to the crew of the train;

  (k) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats;

  (l) Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities; and

  (m) Allowed unsafe practices to become the common practice.

8. That Plaintiff did not become aware of the cause of his repetitive and cumulative injuries until within three (3) years of the filing of this Complaint.

9. That as a result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff was caused to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints discs of the spine; that Plaintiff has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, JACK L. HUDDLESTON, JR., prays judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

PLAINTIFF DEMANDS TRIAL BY JURY

COUNT IV<br>
FELA - LOCOMOTIVE INSPECTION ACT- REPETITIVE TRAUMA

COMES NOW the Plaintiff, JACK L. HUDDLESTON, JR., by and through his attorneys, Kujawski & Associates, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and the Locomotive Boiler Inspection Act, 49 U.S.C. Section 20701 as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is an Illinois corporation with it's principal place of business in Homewood, Illinois,, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail, including the States of Illinois and Kentucky.

3. That for many years prior to the filing of this suit JACK L. HUDDLESTON, JR. was an employee of the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, and was employed throughout the State of Illinois including Southern Illinois.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That at all times relevant herein, the Plaintiff was employed by the Defendant as a locomotive engineer.

6. That during Plaintiff's employment with the Defendant, and while working on Defendant's transportation system in the States of Illinois and Kentucky, Plaintiff was routinely exposed to repetitive movements, vibrating engine seats, vibrating locomotives, jolts, and slack action on a repetitive and continuing basis that resulted in his exposure to repetitive and cumulative trauma to his low back, neck and spine.

7. That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, violated the Locomotive Inspection Act in that Defendant failed to provide the Plaintiff with a locomotive and it's appurtenances which were in proper condition and safe to operate in the service to which it was put, by committing one or more of the following acts or omissions in violation of the Act, to with:

    (a) Allowed to be used on its railroad line, a bad-ordered locomotive;

    (b) Required Plaintiff to operate a bad-ordered locomotive;

    (c) Allowed to be used on its railroad line, a locomotive with a defective locomotive seat;

    (d)    Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats; and

    (e)    Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

8. That Plaintiff did not become aware of the cause of his repetitive and cumulative injuries until within three (3) years of the filing of this Complaint.

9. That as a result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff was caused to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints discs of the spine; that Plaintiff has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, JACK L. HUDDLESTON, JR., prays judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and

reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

<u>**COUNT V**
**FELA - NEGLIGENCE**
**D/O/A: 08/06/06**</u>

COMES NOW the Plaintiff, JACK L. HUDDLESTON, JR., by and through his attorneys, Kujawski & Associates, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 <u>et. seq.</u>, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is an Illinois corporation with it's principal place of business in Homewood, Illinois,, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail, including the States of Illinois and Kentucky.

3. That on or about August 6, 2006 or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, JACK L. HUDDLESTON, JR., was an employee of the Defendant, Illinois Central Railroad Company, a corporation, and had been for several years prior thereto.

4.      That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5.      That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant as a locomotive engineer and as such, performed his duties in the State of Illinois and in Southern Illinois.

6.      That on or about August 6, 2006 or on a date known more certainly to the Defendant, the Plaintiff was injured while operating a locomotive in Champaign, Illinois when approximately 15 to 20 cars were shoved into his train.

7.      That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a)     Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b)     Failed to advise the Plaintiff that cars were being shoved into his train;

    (c)     Failed to warn the Plaintiff about the details of a switching operation; and

    (d)     Allowed unsafe practices to become the common practice.

8.      That as a result, in whole or in part, of one or more of the aforementioned acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when free rolling cars collided with his train, causing Plaintiff to sustain severe and permanent injuries to

wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; an aggravation of a pre existing condition; that he has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, JACK L. HUDDLESTON, JR., prays judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

Respectfully submitted,

KUJAWSKI & ASSOCIATES, P.C.

By: _____
JOHN P. KUJAWSKI, #3128922
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:   618/622-3600
Facsimile:    618/622-3700
**ATTORNEYS FOR PLAINTIFF**